**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Black & Decker (U.S.), Inc., | ) | No. CV 09-2126-PHX-MHM |
| Plaintiff, | )<br>) | **ORDER** |
| vs. | )<br>) | |
| All Spares, Inc., | )<br>) | |
| Defendant. | )<br>) | |
| | ) | |

Currently pending before the Court is Plaintiff's Motion for Default Judgment pursuant to Rule 55(a), Federal Rules of Civil Procedure. (Doc. 16).

**I.     Background and Procedural History**

On October 9, 2010, Black & Decker (U.S.), Inc. ("Plaintiff") filed a complaint against All Spares, Inc. ("Defendant"), asserting claims for breach of contract (Count I) , unjust enrichment (Count II), open account (Count III), and account stated (Count IV). (Doc. 1).  Plaintiff asserts that, pursuant to purchase orders by Defendant, Plaintiff sold and delivered goods on credit that were accompanied by invoices, which gave a description of the goods, their prices, and terms of payment. (Doc. 1, pp. 2-3). Plaintiff further claims that, despite repeated written demands for payment, Defendant has failed to pay the balance due on the account. (Doc. 1, p. 3).  Plaintiff attached the Statement of Account showing the unpaid invoices and related purchase orders as of September 23, 2009, with its Motion for Default Judgment. (Docs. 1, 16, Exh. A).

Defendant failed to respond to the Complaint, and on November 24, 2009, the Clerk of the Court entered an order of default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 11). Plaintiff now moves for default judgment.[1]

**II.    Discussion**

"Entry of default judgment is governed by FRCP 55 and is left to the trial court's sound discretion." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). After entry of default by the Clerk of the Court pursuant to FRCP 55(a), the Court may grant default judgment pursuant to FRCP 55(b)(2). See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing the sequential two-step process under FRCP 55). Factors that a district court may consider in exercising its discretion include the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id., 782 F.2d at 1471-72. After default has been entered by the Clerk of the Court, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. See TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). "A party seeking default judgment must state a claim upon which it may recover." See Philip Morris USA, 219 F.R.D. at 494, 501 (C.D. Cal. 2003). Furthermore, a plaintiff must prove all damages sought in the complaint. Philip Morris USA, 219 F.R.D. at 498; Fed. R. Civ. P. 55 (b)(2) ("In determining damages, a court can rely on the declarations submitted by the plaintiff.").

Plaintiff has satisfied the procedural requirements for default judgment against Defendant. Plaintiff submitted a declaration and application for entry of default on November 23, 2009, (Doc. 10), which prompted the Clerk of the Court to enter default

---

[1] Plaintiff previously moved for default judgment on December 2, 2009. (Doc. 13). Because Plaintiff failed to argue for default in light of the Eitel factors, the Court accordingly denied Plaintiff's motion. (Doc. 15).

against Defendant on November 24, 2009. (Doc. 11). Plaintiff's request for relief does not differ from that prayed for in the complaint. The application for default judgment complies with the Federal Rules of Civil Procedure. Accordingly, the Court need only analyze the Eitel factors to determine whether default judgment is appropriate in this case.

In considering the Eitel factors, the Court takes all factual allegations in Plaintiff's Complaint as true, except for those relating to damages. Heidenthal, 826 F.2d at 917-18. Under the first factor, Plaintiff will be prejudiced if it does not receive payment for the goods sold and delivered to Defendant, as absent entry of default judgment, Defendant will be unjustly enriched by the goods it received and Plaintiff will be left with no other recourse to recover payment. (Doc.16, p. 2). As to the second Eitel factor, the Complaint sets forth with specificity the straightforward nature of the allegations against the Defendant. (Doc. 1, pp. 3-6). Because the complaint is both legally and factually sufficient, the Court finds that Plaintiff has demonstrated the merits of its claims. As to the third factor, because Defendant's failure to answer constitutes an admission to the averments contained in the complaint under FRCP 8(b), the Court must accept these allegations as true. As such, the first three Eitel factors favor entry of default judgment against Defendant.

Pursuant to the fourth Eitel factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's conduct. Eitel, 782 F.2d at 1471-72. Plaintiff seeks $176,050.10, which is the agreed upon purchase price for the goods delivered and accepted by Defendant, plus interest. (Doc. 16, p. 4). The Court does not find this amount excessive or unreasonable, especially in light of the purchase orders and invoices which reflect the intent and agreement of both Parties. As such, the Court finds that factor four favors granting default judgment against Defendant.

As to the fifth factor, upon an entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendant has been given a fair amount of time to answer Plaintiff's Complaint and deny that Defendant ordered and received goods from Plaintiff; Defendant, however, has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations and,

because the Plaintiff's allegations are predicated on purchase orders and invoices that clearly support its allegations, (Doc. 16, p. 4), the Court finds that this factor also favors the entry of default judgment.

Under the sixth <u>Eitel</u> factor, the Court considers whether the default was due to excusable neglect. On October 13, 2009, Defendant was served through its attorney and has received copies of all filings in this case, including Plaintiff's Motion for Default Judgment filed on December 2, 2009. (<u>Id.</u>). Defendant has failed to answer or otherwise plead in response to the Complaint. Additionally, the period provided for filing such a response under 12(a), as set forth in Rule 4 of the Federal Rules of Civil Procedure, has expired. As such, it does not appear that default resulted from excusable neglect. Accordingly, factor six also favors an entry of default judgment.

The Court turns next to the seventh and final <u>Eitel</u> factor. "Defendant[s'] failure to answer [Plaintiff's] Complaint makes a decision on the merits impractical, if not impossible. Under FRCP 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." <u>Pepsi Co., Inc. v Cal. Sec. Cans.</u>, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). In the instant case, Defendant has likewise failed to defend the action and has, consequently, rendered adjudication on the merits before this Court impracticable. Although there is a strong public policy favoring decisions on the merits, the seventh <u>Eitel</u> factor does not preclude the Court from entering default judgment against Defendant. <u>Id.</u> Accordingly, in light of all <u>Eitel</u> factors, the Court finds that default judgment against Defendant is appropriate.

As for damages, "[i]n granting default judgment, a court can award only up to the amount prayed for by a plaintiff in its complaint." <u>Truong Giang Corp. v. Twinstar Tea Corp.</u>, 2007 WL 1545173, at *13 (N.D.Cal. 2007). Although a demand for relief must be specific under FRCP 8(a)(3), a "[p]laintiff's burden in 'proving up' damages on a motion for default judgment is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled."

1    Philip Morris USA, 219 F.R.D. at 498 (quoting Fed.R.Civ.P. 54 (c) (citing Cripps v. Life Ins.

2    Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992)).  Plaintiff seeks only to recover the

3    balance due on Defendant's account: $176,050.10.  Because Plaintiff merely requests to be

4    paid for goods it provided to Defendant, the Court has no trouble concluding that the

5    compensation Plaintiff seeks flows naturally from Plaintiff's injury.  The Court, therefore,

6    will award Plaintiff $176,050.10 in damages.

7         Plaintiff also seeks interest.  "Under Arizona law, prejudgment interest on a liquidated

8    claim is a matter of right."  AMHS Ins. Co. v. Mut. Ins. Co. of Arizona, 258 F.3d 1090, 1103

9    (9th Cir. 2001) (quoting Gemstar Ltd. v. Ernst & Young, 185 Ariz. 493, 917 P.2d 222, 237

10   (1996) (en banc) (internal quotations omitted)).  The rate of interest is set by statute at ten

11   percent per annum. A.R.S. § 44-1201 (2010). Prejudgment interest begins when the creditor

12   provides to the debtor "sufficient information and supporting data so as to enable the debtor

13   to ascertain the amount owed."  Homes & Son Constr. Co. Inc. v. Bolo Corp., 22 Ariz. App.

14   303, 526 P.2d 1258, 1261 (1974).  However, "the district court has discretion to determine

15   the date of commencement of prejudgment interest."  AMHS Ins. Co., 258 F.3d at 1103.

16        As reflected by the Statement of Account provided by Plaintiff, the last date

17   Defendant received an invoice was on December 17, 2008.  (Doc. 16, Exh. 1, p. 12).  The

18   Court finds that this last invoice provided Defendant with sufficient information "to ascertain

19   the amount owed."  Homes & Son Constr. Co. Inc, 22 Ariz. App. 303, 526 P.2d at 1261.

20   Accordingly, the Court will award Plaintiff $205,391.78, which is commensurate with the

21   $176,050.10 agreed to in the invoices and awarded by this Court as damages, plus a 10%

22   prejudgment interest rate for a prorated twenty months.

23        **Accordingly,**

24   / / /

25

26

27

28

1

**IT IS HEREBY ORDERED** granting Plaintiff's Motion for Default Judgment (Doc.

2 16) against Defendant All Spares, Inc.

3

**IT IS FURTHER ORDERED** that Defendant pay $205,391.78 to Plaintiff as

4 damages.

5

DATED this 2nd day of August, 2010.

_____
Mary H. Murgula
United States District Judge